## GRAY v. PHILADELPHIA & R. R. Co.

*(Circuit Court, N. D. New York. June 24, 1885.)*

MASTER AND SERVANT—RAILROAD COLLISION AT CROSSING—NEGLIGENCE OF EM-
PLOYES OF BOTH ROADS— RIGHT OF EMPLOYE TO RECOVER— DOCTRINE OF
FELLOW-SERVANTS.

   Where a fireman on a railroad train is injured by a collision at a crossing of
two roads, brought about by the concurring negligence of the engineer on his
train, and of the employes of the other road, his right to recover damages for
such injury from the other road will not be defeated by reason of the negligence
of the engineer.

Motion for New Trial.

*Mitchell & Mitchell,* for defendant.

*Parker & Countryman,* for plaintiff.

WALLACE, J.   This suit was brought to recover damages for per-
sonal injuries sustained by the plaintiff, in a collision between a loco-
motive of the Lehigh Valley Railroad Company, upon which he was
a fireman, and a train of cars belonging to the defendant.   The col-
lision took place at a point where the roads of the two railway com-
panies intersect and cross each other, known as the " Bound Book
Crossing."   A signal station was maintained at this crossing by the
Lehigh Valley Company in charge of a signal-man, who was selected
by that corporation, and was in its employ.   By the system of sig-
nals which had been adopted, and were in force at the time of the
collision, a red signal indicating danger was constantly shown to both
roads, until an approaching train at the distance of a third of a mile
from the crossing asked for permission to pass by a signal from the
engine.   If, in answer to the engine's signal, a white signal was dis-
played at the station, the engineer was at liberty to proceed with his
train.   If, on the other hand, the red signal remained displayed, it was
his duty to stop his train.   The plaintiff, in discharge of his duty as
a fireman in the employ of the Lehigh Valley Company, was upon an
engine of that company, in charge of an engineer carrying a superior
officer of the company upon a special errand: and the engine was
proceeding to cross the Bound Book Crossing, when the collision oc-
curred.   The evidence authorized the jury to find that the safety sig-
nal was displayed to the plaintiff's engine in response to the signal of
the engineer for permission to cross, and that the danger signal was
displayed to the engineer of the defendant's train in response to his
signal for permission to cross.   The evidence also established that
the engineer of the plaintiff's engine was guilty of negligence in at-
tempting to cross, notwithstanding he had received permission to do
so by the proper signal; that he saw defendant's train was making
for the crossing, either in disregard of the proper signal to the engi-
neer of that train, or under a misapprehension; that his attention
was called to this circumstance by Mr. Pickle; that he had reason to

suppose a collision would take place if he proceeded, yet, having ample time to stop his engine and avoid collision after notice of danger, did not do so.

The jury were instructed that if they found that the collision ensued by reason of the negligence of the engineer of the defendant, concurring with the negligence of the engineer of the Lehigh Valley Company, the plaintiff was entitled to recover, provided there was no concurring negligence upon his part. They were instructed that, although he was not in control of the engine upon which he was employed, it was his duty to be observant, so far as practicable, of the situation, and to do what he could to promote the safety of the enterprise in which he was engaged; but that it did not follow that he was negligent because he did not attempt to stop the engine himself or insist upon the engineer's doing so.

It was left to the jury to determine, as a question of fact, whether, under the circumstances, his conduct amounted to a concurrence in the conduct of the engineer; and they were instructed, if he did thus concur, he was not entitled to recover. The defendant requested the court to instruct the jury that the plaintiff, being a fellow-servant with the engineer of the Lehigh Valley Company, and being engaged in a joint enterprise with him, could not recover if they found that the engineer's negligence contributed to the collision. This instruction was refused, and the refusal is now assigned as error, for which a new trial should be granted.

The instructions given were certainly as favorable for the defendant as could reasonably be required. Although the plaintiff was a fellow-servant of the engineer, he was a subordinate, and had no control over the movements of the locomotive. If he was not guilty of any personal negligence, and did not countenance the negligent conduct of his fellow-servant, upon reason, and according to the weight of authority, he ought not to be precluded from a recovery against the defendant. If he could maintain an action against his fellow-servant and the defendant jointly, he can, at his election, pursue either severally. Upon the facts found by the jury, he was no more accountable for the misconduct of the engineer than a passenger would be, or than the owner of a cargo would be for the negligent acts of the carrier whom he has employed to transport his property. If he had occupied such a relation to the transaction he could recover against either or all of the offenders whose acts contributed to his injury. *The Atlas*, 93 U. S. 302; *The Washington*, 9 Wall. 513; *The Titan*, 23 Fed. Rep. 413; *Eaton* v. *Boston & L. R. Co.* 11 Allen, 500; *Webster* v. *Hudson River R. Co.* 38 N. Y. 260; *Barrett* v. *Third Ave. R. Co.* 45 N. Y. 628; *Spooner* v. *Brooklyn City R. Co.* 54 N. Y. 230; *Lockhart* v. *Lichtenthaler*, 46 Pa. St. 151. See *Town of Albion* v. *Hetrick*, 90 Ind. 545; *Wabash, St. L. & P. Ry. Co.* v. *Shacklet*, 105 Ill. 364; *Cuddy* v. *Horn*, 46 Mich. 596; S. C. 10 N. W. Rep. 32.

The defendant relies upon the English cases of *Thorogood* v. *Bryan,*

8 C. B. 115, and *Armstrong* v. *Lancashire & Y. Ry. Co.* L. R. 10 Exch. 47. In *Thorogood* v. *Bryan* it was held that the plaintiff, an ordinary passenger in an omnibus, injured by the joint negligence of the driver of the omnibus and of the defendant, must be taken to be identified with the driver of the omnibus; and if want of care on the part of the driver of the omnibus conduced to the accident, the plaintiff could not recover against the defendant. This ruling has been generally criticised, and its correctness repudiated by text writers of authority, and is in plain conflict with the great preponderance of judicial opinion in this country. The case of *Armstrong* v. *Lancashire & Y. Ry. Co.* was decided upon the authority of *Thorogood* v. *Bryan.*

In *Robinson* v. *New York C. & H. R. R. Co.* 66 N. Y. 11, it was held that a person who accepts an invitation to ride with another competent to control the vehicle is not chargeable with his negligence; and contributory negligence upon his part is no defense in an action against a third party for injuries resulting from a collision; and that if the plaintiff was free from negligence, although the driver might have been guilty of negligence which contributed to the injury, the action could be maintained. CHURCH, C. J., in delivering the opinion, said: "It is no excuse for the negligence of the defendant that another's negligence contributed to the injury for whose acts the plaintiff was not responsible."

In *Dyer* v. *Erie Ry. Co.* 71 N. Y. 228, it was held that where one travels in a vehicle at the invitation of the owner or driver over whom he has no control, no relationship of principal and agent exists between them, and he is not responsible for the negligence of the driver, and contributory negligence on the part of the driver is not imputable to the passenger and is no bar to a recovery against a negligent third party for injuries resulting from a collision.

The reasoning in both of these cases proceeds upon the ground that the negligence of one person is not to be imputed to another merely because both of them are engaged in a common enterprise, when the latter has no control in fact, or by reason of superior authority, over the conduct of the former. It is otherwise where they are engaged in an enterprise, the character of which presupposes conjoint management, and therefore mutual responsibility for each other's acts as in *Beck* v. *East River Ferry Co.* 6 Rob. 82.

It is not apparent how the circumstance that the persons engaged in the common enterprise are fellow-servants can qualify the application of the principle to be deduced from these cases. That circumstance is important only as it bears upon the question of the employers' responsibility to one servant for the negligence of a fellow-servant. As between themselves, the servants of a common employer are liable to each other for negligence precisely as though the relation of fellow-servant did not exist. The cases in Massachusetts holding otherwise are generally disapproved by the commentators. Shear. &

R. Neg. § 112; Whart. Neg. § 245; 2 Thomp. Neg. 1062; Add. Torts, 145. See, also, *Hinds* v. *Harbou*, 58 Ind. 121.

The exemption of the employer from liability to a servant for the negligence of a fellow-servant rests upon the implied undertaking of the servant to assume the risks necessarily incident to the service in which he engages, including the risks of the negligence of his fellow-servant in discharging duties which the employer cannot be expected to discharge personally. There is no reason why a third person, with whom there is no such implied undertaking, should be entitled to avail himself, as a defense to his own negligence, of the contributory negligence of a fellow-servant of the injured party any more than of the contributory negligence of a stranger. As to him, personal negligence on the part of the injured party would seem to be the only just criterion of contributory negligence. In the case of *Paulmier* v. *Erie R. Co.* 34 N. J. Law, 151, it was held that a servant, injured by the combined negligence of his master and of a fellow-servant, could recover against the master upon the ground that the master was one of two joint wrong-doers, and as such responsible to the servant. It would follow as a corollary that it does not lie even with an employer to insist that the contributory negligence of one servant can be imputed to a fellow-servant as a defense to the employer's negligence. Certainly a stranger cannot occupy any better position than the employer.

There are two adjudications in this state opposed to the doctrine of *Armstrong* v. *Lancashire & Y. Ry. Co.*: *Perry* v. *Lansing*, 17 Hun, 34; *Busch* v. *Buffalo Creek R. Co.* 29 Hun, 112. In both of these cases it was held that a defendant whose negligence contributed to the injury of an employe could not escape liability because the negligence of a co-employe of the plaintiff also concurred. This is believed to be sound law.

The motion for a new trial is denied.