### GALLOWAY *v.* DETROIT UNITED RAILWAY.

1. CARRIERS—NEGLIGENCE—IMPUTED NEGLIGENCE—AUTOMOBILES.
   A passenger in the taxicab of a common carrier, injured by the concurrent negligence of the chauffeur and of agents of another carrier, is not barred from recovering against the other by the negligence of the driver of the taxicab.

2. SAME—STREET RAILWAYS—LOOKOUTS.
   Evidence that a street car was backed without warning from the main track upon a switch or Y across a portion of the street, while the conductor was in the forward end of the car, and no lookout was being maintained, tended to show negligence of the street railroad company contributing to a collision with a taxicab in which plaintiff was riding.

Error to Wayne; Donovan, J. Submitted November 21, 1911. (Docket No. 159.) Decided January 23, 1912.

Case by James S. Galloway against the Detroit United Railway for personal injuries. Judgment for defendant. Plaintiff brings error. Reversed.

*John T. Nichols* (*James G. McHenry*, of counsel), for appellant.

*Corliss, Leete & Joslyn* (*A. B. Hall*, of counsel), for appellee.

Plaintiff hired a taxicab from the Bailey Auto Company of the city of Detroit and directed the driver to convey himself and daughter to Grosse Pointe. He gave no further directions to the driver and did not attempt to control his actions either in a selection of the route or in the matter of speed. At the corner of Jefferson and Field avenues in said city, defendant maintains a Y upon which it turns its Trumbull avenue cars. Those cars run easterly for some distance upon the southerly Jefferson avenue track. At Field avenue they Y up in a northerly direction, then turn, and proceed west on the northerly Jefferson avenue track. When the taxicab in which plaintiff was a passenger approached Field avenue it was following a Trumbull avenue car at a distance of about one-half block, running with the right-hand wheels outside the southerly rail of the south or east-bound track. The left-hand wheels of the machine were, of course, between the rails of that track. When the street car reached the Y at the junction of Field and Jefferson, it stopped and almost immediately thereafter started to back around the Y up Field avenue. It had backed but a few feet when it came into collision with the right hind wheel of the taxicab, which at the moment had turned out and was attempting to pass the car to the left. As a result of the collision, the taxicab was turned part way around. It dashed over to the north curb, struck and demolished a fire hydrant, and upset, pinning its occupants beneath it. This action is brought by the plaintiff to recover compensation for injuries sustained by him as a result of the collision. The charge was, in part, as follows:

"It is an open matter for you to say whether the handling of the car caused the accident, or whether the handling of the cab caused the accident. And I charge you

now absolutely that, if the taxi made the accident, there can be no recovery in this case. * * * It must be caused by the D. U. R. alone to bind them, for they are the defendants. * * * When you get into your jury room and select your foreman, the usual practice is to take a ballot. And in an accident case like this, or in a negligence case, for we use that term, you would vote guilty or not guilty. It does not mean guilty of crime. It is not a criminal matter. But it means guilty of negligence. Guilty or not guilty, and if you can agree on not guilty, you will come in and find no cause of action. And if you find guilty, that would mean that the D. U. R. is guilty over and above anything that happened. That nobody else caused it; that they were guilty. * * * It is not for the court, and with the fact that, if the accident was caused by the taxicab driver, there can be no recovery, and if caused solely by the railway there could be a recovery, I will leave the case solely to you."

A verdict under the foregoing instructions having been rendered in favor of defendant, plaintiff reviews his case in this court by writ of error.

BROOKE, J. (*after stating the facts*). Counsel for defendant frankly concede that in instructing the jury that plaintiff could not recover unless he showed that the driver of the taxicab acted without negligence, and that his injuries were due solely to the negligence of the defendant, the learned circuit judge was in error.

It seems now to be settled, in this State at least, that, where one suffers an injury through the concurrent negligence of two common carriers, the negligence of the one upon whose conveyance the injured person is a passenger cannot be imputed to the passenger so as to bar his recovery against the other. *Cuddy* v. *Horn*, 46 Mich. 596 (10 N. W. 32, 41 Am. Rep. 178); *Little* v. *Hackett*, 116 U. S. 366 (6 Sup. Ct. 391).

But it is urged on behalf of defendant that the verdict should not be disturbed because (it is claimed) the court should have granted defendant's motion for a directed verdict upon the ground that plaintiff had failed to show

any negligence on the part of the defendant which contributed to cause the injury to plaintiff.

Plaintiff produced evidence which (if true) tended to show that defendant by its agents stopped its car and suddenly, without warning, backed it up the Y across the northerly portion of Jefferson avenue, at a time when the conductor, instead of being upon the back end of the car and maintaining a proper lookout, was in the forward portion of the car where he could not see the approaching taxicab. This testimony was sharply contradicted by witnesses on behalf of defendant, but this is not a proper occasion to discuss the weight of the evidence. To entitle the defendant to a directed verdict, there must have been *no evidence* tending to show its culpability in the premises. We are unable to agree with counsel for defendant in his contention.

The judgment must be reversed, and a new trial ordered.

STEERE, McALVAY, BLAIR, and BIRD, JJ., concurred.