LACHOW *v.* KIMMICH.

1. MOTOR VEHICLES—NEGLIGENCE—FAILURE TO LOOK.
  Automobile driver approaching intersection, who could have seen
  car approaching on intersecting highway had he looked, but
  who failed to look, and collision resulted, was guilty of negli-
  gence.

2. NEGLIGENCE—IMPUTED NEGLIGENCE—PRIVATE CARRIER FOR HIRE—
  MOTOR VEHICLES.
  Negligence of private carrier for hire is not imputable to pas-
  senger. CLARK, POTTER, and NORTH, JJ., dissenting.

3. SAME.
  In action by passenger of private carrier for hire against him and
  driver of another automobile for injuries received in collision
  at highway intersection between defendants' automobiles, judg-
  ment against both defendants is affirmed, on appeal. CLARK,
  POTTER, and NORTH, JJ., dissenting on ground that negligence
  of driver of automobile in which plaintiff was passenger should
  be imputed to her, barring recovery against other defendant.

Appeal from Wayne; Gilbert (Parm C.), J., pre-
siding. Submitted October 21, 1932. (Docket No.
185, Calendar No. 36,796.) Decided May 16, 1933.

Case by Mary Lachow against Ernest Kimmich
and Amos E. Hilton for personal injuries received
while a passenger in the car of defendant Hilton,
who was a private carrier for hire, alleged to be
due to the negligence of defendants. Judgment for
plaintiff. Defendants appeal. Affirmed.

* Continued from Vol. 262.

*Miller & Knowles,* for plaintiff.

*Angell, Turner, Dyer & Meek,* for defendant Kimmich.

*Chas. C. Conklin,* for defendant Hilton.

McDONALD, C. J.   This is an action to recover damages for injuries received in a collision between two automobiles owned and driven by defendants, Hilton and Kimmich.   At the time of the accident, which occurred at the intersection of Meyers and Plymouth roads in the city of Detroit, Michigan, the plaintiff was an adult passenger in the car of Hilton, who was a private carrier for hire.   The case was tried by the court without a jury, and judgment was rendered against both defendants.   Both have appealed.

The defendant Hilton assigns as cause for appeal that there is no evidence of negligence on his part. The defendant Kimmich admits that he was negligent, but says that Hilton was negligent also.   He asks for a reversal on the theory that the negligence of Hilton should be imputed to the plaintiff, and that the award of damages is excessive.

The accident occurred in the daytime at the intersection of two paved roads.   The roads were wet from a recent rain.   There was no other traffic at the intersection, and, as they approached, the view of both drivers was unobstructed.   Each driver saw the other approaching.   There is testimony that they arrived at the intersection about the same time. As Hilton entered the intersection he increased his speed, but did not look in the direction from which the other car was coming.   He did not see it until the collision.   If he had looked he would have seen the other car and realized his danger in time to

have avoided the collision. His failure to look and see what was there to be seen was negligence. The trial court correctly so held.

The defendant Kimmich concedes that he was negligent, but urges in defense to the action that, as to him, there can be no recovery because at the time of the accident the plaintiff was a voluntary passenger in Hilton's car, and his negligence is imputable to her.

The plaintiff, an adult woman, hired Hilton to drive her from Detroit to Ann Arbor. He was a private carrier for hire. In applying the rule of imputed negligence in this State, a distinction has been made between public carriers and private carriers but not as between private carriers for hire and private carriers not for hire. The question was before this court in *Rogers* v. *Weber*, 235 Mich. 180, where, by an equal division of opinion, we refused to extend the rule of imputed negligence to private carriers for hire. The question is again before us in this case. As to private conveyances, this court has always held that the contributory negligence of the driver is imputable to adult passengers. Notwithstanding the fact that the rule has no foundation in reason or justice and is contrary to the overwhelming weight of authority in this country and in England, our court has steadfastly though reluctantly adhered to it. It was first adopted without argument or citation of authorities in *Lake Shore & M. S. R. Co.* v. *Miller,* 25 Mich. 274. It has been said by a learned legal writer that adopting a rule of law without reasoning is the best method of reaching a conclusion directly opposed to common sense and to the decisions of other courts. But in *Schindler* v. *Railway Co.,* 87 Mich. 400, the court explained that the rule of the *Miller Case* was based

on the idea that in trusting her safety with the driver of a private conveyance the passenger "identified herself with the driver, and, unless the driver was free from negligence, she could not recover."

This doctrine of identification, which simply means that in an action for negligence the passenger is compelled to occupy the same position as the driver, has been repudiated by the English courts and by all but three of the American States. 1 Shearman & Redfield on Negligence (6th Ed.), § 65a, p. 164.

In a long line of cases from the *Miller Case,* *supra,* to *Holsaple* v. *Menominee Superintendents of the Poor,* 232 Mich. 603, no one has attempted to defend the rule. Since its adoption it never has had a friend at court. At times it has been vigorously assailed (*Mullen* v. *City of Owosso,* 100 Mich. 103 [23 L. R. A. 693, 43 Am. St. Rep. 436]), but the majority of the court has quite generally held that it has been too long settled to be disturbed.

The unjust results of the application of a rule admittedly erroneous, and the frequency with which it is challenged in this court, suggest the inquiry whether it would not be better to overrule it rather than to perpetuate the error.

We have high regard for the doctrine of *stare decisis,* and recognize that it should be applied where it is properly applicable. In determining when to apply it, the settled practice is to consider the nature of the decision and the results which may follow from its overthrow. If it is of such a nature that it may have become a rule of property; if title to real estate may have been acquired under it; if parties may have entered into contracts in reliance on it; or if it may have given rise to standards affecting trade and commercial transactions, courts will ap-

ply the doctrine of *stare decisis* and refuse to overrule the decision though it be clearly erroneous.

The decision in question is not of that nature. No harmful results will follow if it is overruled. It will affect only the wrongdoer, and that merely to the extent of preventing his escape from liability for injuries resulting from his negligence to one who was free from fault. In view of these facts, and the fact that the decision is admittedly wrong, we do not regard it as a controlling precedent, and, therefore, are at liberty to overrule it and get in harmony with current authority on the subject.

Our previous decisions holding that the contributory negligence of a driver of a private conveyance is imputable to an adult passenger are hereby overruled except where it is shown that they are engaged in a joint undertaking or where the passenger has the right to control the driver by reason of their relation as master and servant or principal and agent.

Complaint is made that the judgment is excessive.

In awarding damages the trial court said:

"She paid out $217.30 in actual expense, and giving full credit to all the other testimony and the pain and suffering that the physicians testified to that would probably result from the injury referred to in progress of healing, and having in mind whatever time she may have lost, I think that $3,000 is a sufficient amount to award her."

As a result of the accident, the plaintiff suffered fractures of the collar bone and six ribs. The doctor who attended her testified that she "had a great deal of pain right along;" that it was impossible for her to take a deep breath because of the pain in her chest; that it was necessary to administer

sedatives and that her pain may continue into the future. It is not necessary to make further reference to the testimony on the question of damages. The amount awarded is in line with the evidence. The judgment was not excessive.

The judgment against both defendants is affirmed, with costs to the plaintiff.

SHARPE, J. *(concurring in the result)*. The negligence of the defendant Hilton, a private carrier for hire, was not imputable to the plaintiff, a passenger riding in his conveyance.

In my opinion, the rule of imputed negligence to passengers, other than for hire, which has been so consistently followed in this State (see *Holsaple* v. *Menominee Superintendents of the Poor,* 232 Mich. 603) is not here involved, and should not be considered or passed upon in this case.

I concur in the affirmance of the judgment.

FEAD, WIEST, and BUTZEL, JJ., concurred with SHARPE, J.

NORTH, J. *(dissenting in part)*. Plaintiff's right of recovery depends upon determination of whether an adult passenger in the automobile of a private carrier for hire is chargeable with imputed negligence in case the negligence of such private carrier is a proximate cause of a collision with another automobile resulting in injury to the passenger. The rule of law is well settled that negligence of a common carrier will not be imputed to a passenger for hire. *Cuddy* v. *Horn,* 46 Mich. 596 (41 Am. Rep. 178); *Galloway* v. *Railway,* 168 Mich. 343. It has been considered equally well settled by a long unbroken line of decisions in this jurisdiction that the negligence of a driver of a private vehicle will be

imputed to an adult who is a voluntary gratuitous occupant of such vehicle. *Lake Shore & M. S. R. Co.* v. *Miller,* 25 Mich. 274; *Schindler* v. *Railway Co.,* 87 Mich. 400; *Mullen* v. *City of Owosso,* 100 Mich. 103 (23 L. R. A. 693, 43 Am. St. Rep. 436); *Kneeshaw* v. *Railway,* 169 Mich. 697; *Fike* v. *Railroad Co.,* 174 Mich. 167; *Colborne* v. *Railway,* 177 Mich. 139; *Granger* v. *Farrant,* 179 Mich. 19 (51 L. R. A. [N. E.] 453); *Lake* v. *Township of Springville,* 187 Mich. 305; *Jewell* v. *Rogers Township,* 208 Mich. 318; *Geeck* v. *Luckenbill,* 215 Mich. 288; *Gates* v. *Landon,* 216 Mich. 417; *Holsaple* v. *Menominee Superintendents of the Poor,* 232 Mich. 603; *Ruth* v. *Vroom,* 245 Mich. 88 (62 A. L. R. 1528). I cannot give assent to the contrary holding of Mr. Justice McDONALD in the instant case. It seems to me this rule of law has become so thoroughly embodied in the jurisprudence of this State that we would not be justified in summarily departing therefrom. It has been decisive of a large number of cases. It may be contrary to the weight of authority elsewhere, but in this State for over 50 years it has been accepted as a rule of law, in the light of which our courts have rendered many decisions and attorneys have advised clients of their rights. If on the ground of public policy a change of the rule is deemed advisable it is a matter for legislative consideration. *O'Leary* v. *Board of Fire, etc., Com'rs,* 79 Mich., 281 (7 L. R. A. 170, 19 Am. St. Rep. 169).

The legal aspect of the instant case presents another and somewhat unsettled question, *i. e.:* Is the negligence of the driver of a private vehicle imputable to an adult person who is a voluntary passenger for hire in such vehicle? A holding of the trial court that in such case negligence would not be imputed was affirmed by an equal division of

this court in *Rogers v. Weber,* 235 Mich. 180. Since decision in the *Rogers Case* (1926) the question has not received further consideration or been more definitely settled by this court. Increased use of motor vehicles has emphasized the importance of establishing a definite and practical rule of law. As noted above, this court is committed to the holding that the negligence of the operator of a private vehicle is imputable to a voluntary gratuitous adult passenger. The underlying reason is that such passenger by voluntarily placing his personal safety and welfare in the charge and control of the operator of such vehicle has made the latter his agent and thereby assumes the risk of such agent's negligent conduct; and the agent's contributory negligence, if any, is imputable to the principal. This reason applies with much more force to a private carrier for hire than to a gratuitous carrier. If the carriage is for hire, the relation of master and servant or principal and agent exists both in fact and in law. The element of control, power to direct and even dictate is present in a carrier for hire in a private conveyance much more than in case of gratuitous carriage. Hence in case of a private carrier for hire it is even more logical to hold that the rule of imputed negligence should apply than in case of gratuitous carriage.

Further, the private carrier, whether gratuitous or for hire, is presumably selected knowingly and discreetly by the occupant of the vehicle, or if such transportation is accepted at random and indiscriminately the passenger should assume the risk of thus acting without the exercise of ordinary care, and in such case he should be charged with the risk which he thus voluntarily assumes. Obviously this is not true of a passenger who accepts the public

service of a common carrier. *Cuddy* v. *Horn, supra.* Here the passenger must accept such service as is afforded indiscriminately to the public at large, relying for his safety upon the carrier's own caution and upon general public regulations and supervision under which common carriers operate. Thus it would seem that the logical line of demarcation as to where negligence will or will not be imputed is the line dividing common carriers from private carriers regardless of whether the latter carriage is for hire or gratuitous.

Also a persuasive reason for holding this to be the proper line of demarcation is that it would quite conclusively foreclose the framing of facts to fit the law of the case. In event of an accident there will be little, if any, difficulty in determining whether the vehicle was operated by a common carrier, and thereby determining whether negligence is imputable; but not so of ascertaining the actual truth as to whether a given private carrier was operating for hire at the time of the accident or gratuitously. If carriage for hire is essential to recovery, in too many cases there will be testimony that the carrying was for hire when in fact it was otherwise.

Considering all the exigencies of this phase of the law, it would seem that the safe, practical, and workable rule is to hold that negligence of a common carrier will not be imputed to the passenger, but that in cases of transportation by private carriers negligence of the operator of the vehicle will be imputed to the passenger regardless of whether the carriage is for hire or gratuitous.

In the instant case the driver of the vehicle in which plaintiff was riding was a private carrier for hire; and it conclusively appears from the record that his negligence was a proximate cause of the

accident resulting in plaintiff's injury. Such negligence is imputed to plaintiff, and it follows that she cannot recover against the appellant Ernest Kimmich. As to him, the judgment entered in the circuit court should be reversed, with costs to be taxed against appellee; but the judgment entered against Hilton will be affirmed, with costs to appellee. The case should be remanded to the circuit court with direction to enter judgment accordingly.

CLARK and POTTER, JJ., concurred with NORTH, J.