WOJEWODA *v.* CITY OF DETROIT.

1. NEGLIGENCE—IMPUTED NEGLIGENCE—CARRIERS—PASSENGER . FOR HIRE.

Negligence of automobile driver is not imputable to passenger for hire.

2. SAME—MOTOR VEHICLES.

If workman contributed certain sum to fellow workmen to help pay for gasoline used in transporting him to and from work every day as matter of courtesy, he was gratuitous passenger, but if agreement between them was for transportation for specific sum, without regard to its use, he was passenger for hire.

3. SAME—STREET RAILWAYS—GUEST PASSENGER—PASSENGER FOR
   HIRE—DIRECTED VERDICT.
   Where, in action for death of automobile passenger caused by
   collision with street car, testimony presented question of fact
   as to whether decedent was guest passenger or passenger for
   hire, trial court was in error in directing verdict for de-
   fendant on ground that decedent was guest passenger, and
   therefore driver's negligence was imputable to decedent.

Appeal from Wayne; Richter (Theodore J.), J.
Submitted June 6, 1933. (Docket No. 23, Calendar
No. 37,145.) Decided August 29, 1933.

Case by Elizabeth Wojewoda, administratrix of
the estate of Walentine Wojewoda, deceased, against
City of Detroit, a municipal corporation, for in-
juries to plaintiff's decedent resulting in his death,
alleged to be due to defendant's negligence. Di-
rected verdict and judgment for defendant. Plain-
tiff appeals. Reversed, and new trial granted.

*Dohany & Dohany,* for plaintiff.

*William J. McBrearty,* for defendant.

FEAD, J. Plaintiff's decedent was killed in a col-
lision between an automobile in which he was riding,
driven by Cecil Hayes, and defendant's street car.
The court held both drivers guilty of negligence and
directed a verdict for defendant on the ground that
decedent was a guest passenger not paying for his
transportation and Hayes' negligence was imputed
to him.

Hayes, John Hall, William Maitland, and decedent
worked in the Michigan Central shops some miles
from their homes. Hayes, Hall, and Maitland owned
cars. They worked six nights per week. Decedent
worked seven nights per week. Hayes, Hall, and

Maitland had an arrangement by which each used his car in turn to convey the three to and from work. Decedent had an arrangement with each by which they transported him for $1 per week for six nights. Hayes, Hall, and Maitland did not have the same night off, and, on the seventh night, the one of those working transported decedent for 15 cents.

The arrangement was made in advance of the transportation. It was for a definite sum of money. Hayes testified that the payment by decedent was a method of contributing to the cost of the gasoline consumed, and was a matter of courtesy. But he also testified that there was no arrangement with decedent that the money was to be used for gasoline, and that the agreement for transportation was for a specific sum without regard to its use. If the payment was not by way of voluntary or spontaneous courtesy of a guest or co-operative contribution to the expense of the trip, the fact that the driver made the expense the basis of his computation of the charge would not prevent the carriage being for hire. Under the testimony, whether decedent was a passenger for hire was a question for the jury. *Johnson* v. *Mack,* 263 Mich. 10. If decedent was a passenger for hire, negligence of the driver was not imputable to him. *Lachow* v. *Kimmich,* 263 Mich. 1 (32 N. C. C. A. 579).

In view of the necessity for new trial, we express no opinion upon whether defendant was guilty of negligence as a matter of law.

Judgment reversed, with new trial, with costs to plaintiff.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.