ALBRECHT *v.* ST. HEDWIG'S ROMAN CATHOLIC
BENEVOLENT SOCIETY.

1. APPEAL AND ERROR—WRIT OF ERROR—APPLICATION TO SUPREME
   COURT—PRACTICE—NUNC PRO TUNC ALLOWANCE.
   It having been the practice, in interpreting Act No. 172,
   Pub. Acts 1917, to require application to the Supreme Court
   for writ of error where a verdict of no cause of action
   resulted, but to allow it as a matter of course where the
   *ad damnum* clause showed a claim in excess of $500,
   where, in the latter case, no application was made when
   the writ was allowed, no motion made to dismiss, and
   the case has been fully heard, the writ will be allowed
   *nunc pro tunc* as if proper application had been made.

2. ASSAULT AND BATTERY—EVIDENCE—TRIAL—APPEAL AND ERROR.
   In an action for assault and battery, where there was no
   dispute that the blood on plaintiff's person was not washed
   off, and no claim made that it was the duty of anybody
   connected with the affair to do this for plaintiff, exclusion
   of the question as to whether anybody made any attempt
   to wash the blood and see if he was injured or not, *held*,
   not prejudicial.

3. SAME—EVIDENCE—RES GESTÆ—MITIGATION OF DAMAGES.
   In such action, it was proper to show the plaintiff's acts,
   his conduct, and his language, at the time of the fight or
   immediately prior thereto, as a part of the *res gestæ*, in
   mitigation of damages.

4. PLEADING—ELECTION—JOINT DEFENDANTS—MISJOINDER OF PAR-
   TIES.
   Where the declaration charged all defendants jointly with
   assault, but under the plaintiff's own theory of the case
   it appears that there were two separate assaults, with
   no connection between them, and that there was no con-
   cert of action between defendants, the court below was not
   in error in compelling plaintiff to elect which defendant
   he would proceed against.

5. SAME.
   The fact that it is difficult to separate the injury done by
   each from that done by the other furnishes no reason

for holding that one tort-feasor should be liable for the acts of others with whom he is not acting in concert.

Error to superior court of Grand Rapids; Dunham, J. Submitted January 31, 1919. (Docket No. 16.) Decided April 3, 1919.

Case by Romauld Albrecht against St. Hedwig's Roman Catholic Benevolent Society and others for an assault. Judgment for defendants. Plaintiff brings error. Affirmed.

*Richard L. Newnham,* for appellant.

*Frank J. Powers,* for appellees.

KUHN, J. It is the claim of the plaintiff that on Sunday, March 4, 1917, he went to the hall of the defendant society, at about the hour of 5 o'clock, and that there, while standing at the bar and drinking beer, he got into an altercation with the defendant Wezbecki and was assaulted, being struck over the head with a beer glass. That a few minutes later he was escorted by two officers of the defendant society to the door, and it is his claim that he was by them thrown from the building, which it is his claim resulted in additional and severe injuries to him. It is the claim of the defendant society that they had no connection with the assault on the plaintiff, but that they picked up the plaintiff after he had been assaulted, took him to the door and put him out in a gentle and careful manner. Plaintiff filed a declaration charging all the defendants with jointly committing the assault and claiming the sum of $10,000 as damages. On the trial, at the close of the testimony, the trial judge held that there were two distinct assaults, according to plaintiff's claim, and forced the plaintiff to elect as to which of the defendants he wished to proceed against. He thereupon elected to proceed against the

defendant Wezbecki.   The issue being submitted to the jury, a verdict of no cause of action was rendered for the defendant.

The case being brought here by writ of error, the first point made by counsel for defendant and appellee is that no application has been made to this court for the allowance of the writ, in accordance with the provisions of Act No. 172, Pub. Acts 1917, which provides that where the judgment does not exceed in amount $500, the writ of error may issue, in the discretion of the Supreme Court, upon proper application.   It appears that no application had been made at the time the writ was allowed, and it is therefore now claimed that the appeal should be dismissed. No motion has been made to dismiss the appeal, and the case was fully heard upon its merits.   Interpreting this statute, we have held that in cases where a verdict of no cause of action results, it is necessary to make the application for an allowance of the writ in accordance with the express language of the statute.   However, it has been the practice of the court, where the *ad damnum* clause of the declaration shows a claim in excess of $500 and a verdict of no cause of action is found by the jury, to allow the writ of error to issue as a matter of course upon application made.   In view of the fact that this case has been fully presented and the peculiar situation in which the party finds himself, we have concluded to allow the writ *nunc pro tunc* as if a proper application had been made, and therefore proceed to determine the case upon its merits.

The first assignment of error which requires consideration relates to the court sustaining an objection to the following question asked of one of the witnesses:

"Nobody made any attempt to wash the blood and see if he was injured or not?"

There was no dispute in the record that the blood on the person of the plaintiff was not washed off.   It

is not claimed that it was the duty of anybody connected with the matter to perform this task for the plaintiff, and we are unable to see how it can be said that the exclusion of this question was prejudicial to plaintiff's case.

The next assignment of error which is discussed relates to the failure of the court to sustain the objection of plaintiff's counsel to the question asked of the witness, Joseph Kapla:

"What, if anything, did he say about Germany?"

—to which he was allowed to answer, among other things:

"I think the Germans could go and lick anybody just like they lick the others."

It is the claim of the defendants that the plaintiff was more or less intoxicated and was talking loud and abusively at and prior to the time of his injury. It was proper to show the plaintiff's acts, his conduct, and his language, at the time of the fight or immediately prior thereto, as a part of the *res gestæ*, in mitigation of damages. See *Bauman* v. *Bean*, 57 Mich. 1; *Millard* v. *Truax*, 84 Mich. 517 (22 Am. St. Rep. 705).

The tenth assignment of error is as follows:

"The court erred in compelling the said plaintiff to elect whether he would proceed against the defendant Frank Wezbecki or against the remainder of the defendants."

We are of the opinion that there was no error on the part of the court, under the circumstances of this case, in compelling an election. The declaration in the case was a one-count declaration, charging all the defendants jointly with assaulting the plaintiff. Under the plaintiff's own theory of the case, it is apparent that there were two separate assaults, and it does not appear that there was any connection between the

first and the second assaults, as claimed by the plaintiff. There was no concert of action between those who were charged jointly with the unlawful assaults. Plaintiff's counsel, however, claims that they should be jointly liable because the amount of damages done by each of the claimed assailants cannot be separated. With this contention we cannot agree. The rule is thus stated in 38 Cyc. p. 484, where it is said:

"The fact that it is difficult to separate the injury done by each from that done by the others furnishes no reason for holding that one tort feasor should be liable for the acts of others with whom he is not acting in concert."

See *Strawbridge* v. *Stern,* 112 Mich. 16; *Diel* v. *Kellogg,* 163 Mich. 162. It should be borne in mind that in the present case the tortious acts complained of were not contemporaneous, but some time elapsed between them, and they were in no way connected, which was not true in the case of *Cuddy* v. *Horn,* 46 Mich. 596 (41 Am. Rep. 178), relied upon by plaintiff's counsel in his brief. In that case the injury complained of was—

"caused by the contemporaneous act of two separate wrongdoers, who, though not acting in concert, yet by their simultaneous wrongful acts put in motion the agencies which together caused a single injury; and for this the injured party could receive but a single compensation."

We have examined the other assignments of error, but find them without merit.

The judgment is affirmed.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred.