FRYE v. CITY OF DETROIT.

1. DEATH—PROXIMATE CAUSE.

In action for death, in order to recover, it is necessary for plaintiff to show that defendant's negligence was proximate cause of death.

2. SAME—STREET RAILWAYS—INTERVENING ACT—PROXIMATE CAUSE.

In action for death, where decedent was struck by automobile shortly before being struck by street car, it is necessary, in order to recover for negligence of motorman, that proof be submitted from which jury may draw reasonable inference that death would not have occurred but for negligence of motorman.

3. SAME—INDEPENDENT TORTFEASORS NOT CONCURRENT WRONG-DOERS.

Under circumstances, automobile driver and motorman were independent tortfeasors rather than joint tortfeasors, and their acts did not constitute them concurrent wrongdoers.

4. SAME—INTERVENING ACT—PROXIMATE CAUSE.

> Where one party is negligent, second party also guilty of intervening negligent act is not liable for death unless intervening act caused it.

5. SAME—NO JOINT LIABILITY WHERE NO COMMUNITY OF WRONG-DOING.

> Parties may not be held jointly liable where there is no community of wrongdoing.

6. SAME—QUESTION FOR JURY.

> In action for death, it is duty of trial court to determine whether evidence presents question of fact for jury.

7. APPEAL AND ERROR—DIRECTED VERDICT—ASSUMPTIONS—NEGLIGENCE.

> Where, in action for death, trial court directed verdict for defendant on ground that cause of death was mere conjecture, Supreme Court accords plaintiff's testimony favorable consideration, and, for purposes of decision, assumes that defendant was negligent.

8. DEATH—DIRECTED VERDICT PROPER WHERE EVIDENCE RAISES MERE CONJECTURE.

> Where plaintiff's decedent was struck by automobile, and shortly after was struck by street car, so that cause of death was matter of conjecture, owner of street car could not be held liable, and trial court properly directed verdict in its favor.

Appeal from Wayne; Toms (Robert M.), J. Submitted October 14, 1931. (Docket No. 117, Calendar No. 35,974.) Decided January 4, 1932.

Case by Floyd Frye, administrator of the estate of Domenic Tata, against City of Detroit, a municipal corporation, for personal injuries resulting in the death of plaintiff's decedent. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Colombo, Colombo & Colombo,* for plaintiff.

*Raymond J. Kelly* and *James S. Shields,* for defendant.

WIEST, J.    The night of October 17, 1927, Domenic Tata, plaintiff's decedent, was standing in a safety zone in Hamilton avenue in the city of Detroit, waiting for a street car.    An automobile struck and threw him upon the street car track where he lay unconscious, with blood flowing from cuts in his head.    While so lying on the track, the fender of a street car picked him up, carried him some distance before the car stopped, and, when released, it was found that he had sustained a compound fracture of the left leg just above the ankle and his head and face were crushed.    He moved his left leg and lips and moaned but died within a few minutes from traumatic cerebral hemorrhage caused by the crushing injuries to his head.

Suit was brought against the auto owner, his driver, and the city of Detroit, owner and operator of the street railway system.    No service of summons was had upon the auto owner or driver.    At the close of plaintiff's proof the court directed a verdict for defendant city.    Plaintiff seeks reversal.

The court was of opinion that it was impossible to determine whether the injuries, causing death, were inflicted by the automobile or by the street car and declined to let the jury guess or conjecture upon the subject.    The evidence established the fact that either the automobile or the street car, or both, inflicted the mortal injuries.    But the evidence did not go beyond that, or furnish facts from which, by reasonable inference, it could be said, apart from mere guess or conjecture, that the street car, rather than the automobile, inflicted the injuries causing death.

It is evident that the traumatic injuries to the head had origin, in whole or in part, prior to contact with the street car. Where the body lay upon the track there was a pool of blood. This indicated that Mr. Tata had some head or face wound, inflicted by being thrown upon the track by the automobile, for the fracture of his leg did not bleed, and he had no other cuts. The thud of the automobile against his body was heard by persons 200 feet away. He was struck by the automobile with great force, thrown upon the pavement, and there lay huddled up while the street car approached from a distance of eight blocks. Were such injuries mortal? No one can tell.

It is a well-established rule that, in order for plaintiff to recover against the city, it was necessary to show the negligence of defendant city and the proximate cause of death. Upon the second issue plaintiff did not, and could not, inform the jury of the injuries inflicted by the street car or those inflicted previously by the automobile. It was necessary for plaintiff to submit proof, from which the jury could draw the reasonable inference that the death of plaintiff's decedent would not have occurred but for the negligence of defendant city. The plaintiff must go beyond showing that such might have been the case.

The rule, in negligence cases, is well stated in *Ramberg* v. *Morgan,* 209 Iowa, 474 (218 N. W. 492):

"True, it was not necessary for plaintiff to prove the causal connection by direct evidence, but substantial evidence must be furnished upon which a reasonable basis for inference may be made. The proof must establish causal connection beyond the point of conjecture. It must show more than a possibility. Verdicts must rest upon reasonable cer-

tainty of proof. Where the proof discloses that a given result may have occurred by reason of more than one proximate cause, and the jury can do no more than guess or speculate as to which was, in fact, the efficient cause, the submission of such choice to the jury has been consistently condemned by this court and by other courts."

See, also, *Bruggeman* v. *City of York*, 254 Pa. 430 (98 Atl. 970), where it was said:

"It is not enough for plaintiffs to show the injury complained of was due to one of two or more possible causes if defendant was responsible for but one of them."

It may be that the owner of the automobile is liable for all consequences flowing from his tort (a question we do not decide), but the defendant city cannot be held to have its negligence relate back and encompass the precedent negligence of, and injuries inflicted by, an independent tort feasor. Defendant city had no part in the wrong committed by the automobile owner, and there is no showing that its independent and subsequent wrong diverted the natural results of the antecedent wrong of the automobile owner to a new and different end.

Plaintiff contends that where death results from concurrent wrongful acts of two persons they are liable jointly and severally. The term "concurrent," with reference to wrongful acts, cannot constitute independent tortfeasors joint wrongdoers. There may be concurrence in wrongful acts, producing an injury and entailing joint liability, but such is not this case.

Plaintiff also contends that, where one party is grossly negligent, and a second party is guilty of an intervening act of gross negligence causing death to another, the second party is severally liable. An

affirmative answer would not help plaintiff, for the rule invoked relates to an intervening act and death caused by the last wrongdoer. The automobile owner and the city were not joint tortfeasors. Nor did their acts constitute them concurrent wrongdoers.

In *Dickson* v. *Yates,* 194 Iowa, 910 (188 N. W. 948, 27 A. L. R. 533), it was said:

"It is not sufficient, as some decisions express it, that 'where concurrent acts result in a single injury the parties may be sued jointly.' This is not a correct statement of principle. It is not based on reason. It begs the question and confuses the term 'concurrent' with the term 'joint.' * * *

"It is not the injury, but the wrongful act, which creates the liability. If the acts of the different persons are different and separate when done, they may not be called joint acts because they happen to occur at the same time or at different times and affect the same person, neither party having any design in the matter or any control or influence over the acts of the other. * * *

"Parties cannot be held jointly liable where there is no community of wrongdoing."

It was the duty of the court to determine whether the evidence presented a question of fact for determination by the jury. A verdict having been directed, we accord plaintiff's testimony favorable consideration, and, for the purposes of decision, assume negligence on the part of the city. The court was not in error in directing the verdict.

The judgment is affirmed, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.