DeWITT v. GERARD.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.
    In reviewing directed verdict for defendant in action for personal injuries against municipal street railway department, evidence is considered in light most favorable to plaintiff.

2. AUTOMOBILES — STREET RAILWAYS — EVIDENCE — NEGLIGENCE — QUESTION FOR JURY.
    In action for personal injuries sustained by pedestrian crossing city street who was first knocked unconscious by an automobile and then struck by a city streetcar, evidence held, to present question for jury as to negligence of each defendant.

3. DAMAGES—STREET RAILWAYS—INFERENCES—QUESTION FOR JURY.
In personal injury action against motorist whose car knocked plaintiff pedestrian unconscious and city whose streetcar moved plaintiff a few feet, rolled him under but did not run over him, under evidence from which it may fairly be inferred some injuries were inflicted by latter defendant, question of their extent *held*, for jury.

4. SAME—BURDEN OF PROOF—PREPONDERANCE OF EVIDENCE.
In action by pedestrian who was first knocked unconscious by automobile and then rolled over but not run over by city streetcar, plaintiff has burden of showing by a preponderance of the evidence, and could recover from city for, injuries negligently inflicted by its streetcar.

Appeal from Wayne; Webster (Clyde I.), J. Submitted October 11, 1935. (Docket No. 72, Calendar No. 38,535.) Decided January 6, 1936.

Case by James DeWitt against Peter Gerard and City of Detroit, a municipal corporation, for personal injuries received when struck by an automobile and streetcar. Nonsuit as to defendant Gerard. Plaintiff appeals from directed verdict and judgment for defendant city. Reversed and new trial granted.

*Riseman & Lemke,* for plaintiff.

*James S. Shields* (*Rodney Baxter,* of counsel), for defendant City of Detroit.

FEAD, J. Plaintiff reviews directed verdict and judgment for defendant city.

Taking the testimony most favorable to plaintiff, it appears that as he was about to cross Woodward avenue in Detroit, going east, he looked to the north and saw no cars approaching within dangerous distance; he crossed to the center of the avenue and reached a point between the two lines of streetcar

tracks; he stopped and retreated a step or two be-
cause of traffic coming from the south; he was
struck by an automobile coming from the north
driven by defendant Gerard, thrown over the
fender of the car and rendered unconscious; he lay
close to or partly upon the streetcar track, on his
left side; a Detroit city streetcar coming from the
north struck him, moved him a few feet and, when
it stopped, his head and part of his body were under
the center of the car, tightly wedged in.

The testimony presented a jury question as to
the liability of Gerard but the court directed a ver-
dict in favor of defendant city upon the authority
of *Frye* v. *City of Detroit*, 256 Mich. 466, on the
ground that plaintiff had failed to show injuries
attributable to the streetcar. Thereupon plaintiff
entered a nonsuit as to defendant Gerard. Unless
the *Frye Case* prevents, the testimony made a case
for the jury against the city.

The automobile struck plaintiff at his left hip.
His physical injuries were a cut on the left side of
the forehead, a cut on the right ear, bruises all over
the body and skin abrasions on his face and hands.
And, in addition, his right thumb was broken in two
places, his left shoulder pained him and his head
ached.

A witness who saw plaintiff as he lay on the pave-
ment on his left side after he was struck by the
automobile testified that he saw no blood but that
as he lay under the streetcar his face was a ''mass
of blood.''

In the *Frye Case* the cause of action was for a
specific injury—death. Recovery was denied be-
cause the testimony did not show circumstances
from which could be drawn a reasonable inference
that the streetcar had caused or contributed to the
death.

Here, there is a fair inference that the streetcar caused some of plaintiff's injuries, at least some of those resulting in blood on the face and hands. Fair argument may be made as to cause of some of the other injuries. It is not necessary that plaintiff shall account exactly and specifically for all of his hurts but he is entitled to compensation for those shown by a preponderance of the evidence to have been caused by the negligence of defendant city.

Reversed, with new trial and costs.

NORTH, C. J., and BUTZEL, BUSHNELL, EDWARD M. SHARPE, and POTTER, JJ., concurred with FEAD, J.

WIEST, J. (*concurring*). If the operator of the streetcar was guilty of negligence, causing injury to plaintiff, then defendant city is liable to respond in damages for the injuries inflicted by the streetcar.

The burden is on plaintiff to show the specific injuries occasioned by the streetcar, for defendant city is not liable for any injuries occasioned by the automobile of defendant Gerard. This may be difficult, but is an issue of fact for the jury.

Plaintiff was not run over by the streetcar, but rolled under the side thereof until wedged beneath the step of the side door entrance.

BUTZEL, BUSHNELL, EDWARD M. SHARPE, and POTTER, JJ., concurred with WIEST, J.

The late Justice NELSON SHARPE took no part in this decision.