DE WITT *v.* GERARD.

STREET RAILWAYS—MOTORMEN—NEGLIGENCE—INSTRUCTIONS—PEDESTRIANS—AUTOMOBILES.

In pedestrian's action against motorist and municipal street railway department for injuries sustained while crossing street from being struck by automobile and, while lying on the tracks, sustained other injuries because of motorman's alleged negligence, instruction to jury confining question of motorman's negligence to time when plaintiff was lying on the track, in accordance with declaration and opening statement, *held,* proper where no amendment of declaration was sought and evidence does not disclose a state of facts imposing a duty on motorman to plaintiff prior to time he was struck by automobile.

Appeal from Wayne; Webster (Clyde I.), J. Submitted October 12, 1937. (Docket No. 85, Calendar No. 39,519.) Decided November 10, 1937.

Case by James De Witt against Peter Gerard and City of Detroit, Department of Street Railways, a municipal corporation, for personal injuries sustained when struck by a motor vehicle and a street car. Nonsuit as to defendant Gerard. Verdict and judgment for defendant City of Detroit. Plaintiff appeals. Affirmed.

*Riseman, Lemke & Piotrowski,* for plaintiff.

*James S. Shields* (*Rodney Baxter,* of counsel), for defendant City of Detroit.

FEAD, C. J. While the testimony is not precise as to details, it appears that, while crossing Woodward

avenue at Sproat street in the city of Detroit, from west to east, and when he had reached the street car tracks in the center, approaching traffic confused plaintiff, he stepped back and forth to avoid cars but was struck by an automobile coming from the north and was thrown on the west rail of the west street car track, where he lay unconscious. A street car, coming from the north, struck him.

In action for damages against the city, defendant had verdict of a jury and judgment.

Plaintiff complains because, in its charge, the court confined the question of the street car motorman's negligence to the time when plaintiff was lying on the track. This limitation was in accordance with the declaration and strictly with plaintiff's opening statement. Plaintiff made no motion to amend the declaration to cover the prior period. Moreover, the testimony does not disclose a state of facts which imposed a duty, bearing upon the action here, on the motorman toward plaintiff prior to the time the latter was struck by the automobile, unless the inadmissible assumption be indulged that the motorman was required to anticipate that plaintiff might be struck by an automobile and thrown upon the street car track.

Affirmed, with costs.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.