## WATTS v. SMITH.

### Opinion of the Court.

1. PARTIES—JOINDER—SUCCESSIVE REAR-END COLLISIONS—NECK INJURIES.

The granting of a motion to dismiss second defendant *held*, error in action for single indivisible injury to neck which plaintiff claimed to have suffered as a result of successive rear-end collisions, one in the morning en route to work and the other in the afternoon, involving the dismissed defendant, while en route home from work, the defendants having been properly joined under pertinent court rule (GCR 1963, 206.1).

2. TORTS—JOINT TORT-FEASORS.

Allegations that defendants' successive negligent acts effected a single, indivisible injury which it is alleged could not be said to have resulted but for the concurrence of such acts, even though there were no concert of action between the defendant tort-feasors, entitled plaintiff to have them tried in the same suit as joint tort-feasors; but if the results, as well as the acts, are separable, so that it can be said that the act of each would have resulted in some injury, however difficult it may be as a practical matter to establish the exact proportion of injury caused thereby, each can be held liable only for so much of the injury as was caused by his act.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4, 6–9] 52 Am Jur, Torts § 112.
[3, 5, 10] 53 Am Jur, Trial § 55.
  Right of defendant sued jointly with another or others in action for personal injury or death to separate trial. 174 ALR 734.
[11] 52 Am Jur, Torts § 112.
  53 Am Jur, Trial § 55.
  Right of defendant sued jointly with another or others in action for personal injury or death to separate trial. 174 ALR 734.

**3.** TRIAL—SUCCESSIVE REAR-END COLLISIONS—SINGLE INDIVISIBLE INJURY—SEPARATE TRIAL—DISCRETION OF COURT.

Separate trials may be ordered as to defendants whose successive rear-end collisions with car in which plaintiff was a passenger is claimed to have resulted in a single indivisible, neck injury, should further proceedings before trial make it appear necessary to prevent prejudice, or if it appear to be in furtherance of the convenient administration of justice in the discretion of the trial court, otherwise the matter should proceed to joint trial under proper instructions (GCR 1963, 505.2, 509.3).

SEPARATE OPINION.

BLACK, J.

**4.** PARTIES—JOINDER OF DEFENDANTS—COMMON ISSUES OF LAW OR FACT.

*A plaintiff in an action of tort may properly join defendants when there is pleaded that a right to relief in respect of, or arising out of, the same series of occurrences, and if a question of law or fact common to them will arise in the action (GCR 1963, 206.1).*

**5.** SAME—JOINDER OF DEFENDANTS—TRIAL OF SEPARATE ISSUES—DISCRETION OF COURT.

*The court rule permitting a plaintiff to join defendants where it is pleaded that a common issue of law or fact will arise in the action does not decide that separate issues, if such are established when the pleadings are complete and the pretrial summary has been filed, must be tried together, such being a matter of judicial discretion (GCR 1963, 206.1, 206.2, 207, 505.2).*

**6.** SAME—JOINDER OF DEFENDANTS—SUCCESSIVE REAR-END COLLISIONS—NECK INJURIES.

*The granting of a motion to dismiss second defendant because he had been improperly joined held, error in action for single indivisible injury to neck which plaintiff claimed to have suffered as a result of successive rear-end collisions, one in the morning en route to work and the other in the afternoon, involving the dismissed defendant, while en route home from work, the defendants having been properly joined under pertinent court rule (GCR 1963, 206.1).*

**7.** TORTS—JOINT TORT-FEASORS.

*Defendants whose successive negligent acts effect a single, indivisible injury which it cannot certainly be said would have*

*resulted but for the concurrence of such acts, even though there were no concert of action between the defendant tort-feasors, are to be held liable as joint tort-feasors; but if the results, as well as the acts, are separable, so that it can be said that the act of each would have resulted in some injury, however difficult it may be as a practical matter to establish the exact proportion of injury caused thereby, each can be held liable only for so much of the injury as was caused by his act.*

8. SAME—SUCCESSIVE NEGLIGENT ACTS.

*Defendants whose successive negligent acts effect a single, indivisible injury which it cannot certainly be said would have resulted but for the concurrence of such acts should not be absolved as a matter of law, simply because of the complexity of the injury or injuries plaintiff has suffered.*

9. SAME—SUCCESSIVE TORT-FEASORS.

*Difficulty in separating injury to plaintiff done by successive tort-feasors furnishes no reason for holding that one tort-feasor should be liable for the acts of others with whom he is not acting in concert.*

10. TRIAL—SUCCESSIVE REAR-END COLLISIONS—SINGLE INDIVISIBLE INJURY—DISCRETION OF COURT—SEPARATE TRIAL.

*Whether or not plaintiff's claims for a single, indivisible injury, brought against alleged defendant tort-feasors who were not acting in concert and were involved in 2 rear-end collisions that occurred several hours apart, should be tried together or separately is primarily for the trial judge.*

DISSENTING OPINION.

DETHMERS and KELLY, JJ.

11. PARTIES—JOINDER—SUCCESSIVE REAR-END COLLISIONS—NECK INJURIES.

*Order granting motion to dismiss second defendant prior to trial held, not error, not premature, nor an abuse of discretion in action for alleged single indivisible injury to neck which plaintiff claimed to have suffered as a result of successive rear-end collisions, one in the morning en route to work and the other in the afternoon, involving the dismissed defendant, while en route home from work, since the joinder of the 2 defendants would not promote the convenient administration of justice (GCR 1963, 206.1).*

Appeal from Genesee; Baker (John W.), J. Submitted May 5, 1964. (Calendar No. 38, Docket No. 50,330.) Decided April 9, 1965.

Case by Theron Watts against Mack Wayne Smith and R. B. Havers for personal injuries sustained in 2 unrelated rear-end collisions of automobiles on February 26, 1962. Order determining misjoinder and dismissing defendant Smith as party. Plaintiff appeals. Reversed and remanded.

*Leitson, Dean, Dean & Abram* (*Robert Abram,* of counsel), for plaintiff.

*Gault, Davison & Bowers* (*Matthew Davison, Jr.,* of counsel), for defendant Smith.

SMITH, J. This is a pleading case in which a misjoinder of parties defendant and of causes of action was ruled by the trial court. The court held, in applying GCR 1963, 206, that "joinder would not aid the convenient administration of justice." Before issue was joined, an order dismissing defendant Smith as a party was entered.

The facts are simple: plaintiff was a passenger in a car which was struck from the rear twice in one day—once while plaintiff and his driver were en route to work in the early morning and the second time in the afternoon while they were returning from work. Defendant Havers is allegedly responsible in law for the morning collision and Smith the one in the afternoon. Plaintiff asserts in his declaration and bill of particulars filed December 31, 1962, that after the morning collision he "felt a generalized pain in his head and back," but continued to work. He says he worked a full 8-hour day "with pain in his back, headache, and a feeling of fatigue." After

the afternoon collision which was more violent, plaintiff went home "with pain in his neck and back." The next day, he went to work, despite the pain, but in less than an hour went to the "plant hospital which rendered first aid." He completed his workday but 2 days later went to a hospital where he was treated, X-rayed and released. Several days later he returned to work but was unable to continue.

In his declaration filed December 31, 1962, plaintiff asserts "That the defendants herein are liable for the personal injuries and damages to your plaintiff by reason of their negligence on February 26, 1962. *Both collisions causing* the following injuries." (Emphasis added.)

Plaintiff argues here, as he did below, that he "will suffer an irreparable injustice if these causes are separated and would put the plaintiff, the innocent party, in a position where he would be required to prosecute separate suits, where the defense of each could be the uncertainty of the injuries."

GCR 1963, 206.1, as to permissive joinder of parties, reads in part as follows:

"All persons may be joined in 1 action as defendants

(1) if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action; or

"(2) if it appears that their presence in the action will promote the convenient administration of justice."

Accepting the allegations of plaintiff's declaration as true, that is, he suffered a single indivisible injury as a result of successive negligent acts of defendants, we conclude that plaintiff had a right to maintain his

action against both defendant Smith and defendant Havers in the same suit. The order dismissing should, therefore, be reversed.

The rule applicable to this case is stated in *Meier* v. *Holt,* 347 Mich 430, at pages 438, 439:

" 'Although it is not always definitely so stated the rule seems to have become generally established that, although there is no concert of action between tort-feasors, if the cumulative effect of their acts is a single, indivisible injury, which it cannot certainly be said would have resulted but for the concurrence of such acts, the actors are to be held liable as joint tort-feasors; whereas, if the results, as well as the acts, are separable, in theory at least, so that it can be said that the act of each would have resulted in some injury, however difficult it may be as a practical matter to establish the exact proportion of injury caused thereby, each can be held liable only for so much of the injury as was caused by his act.' (1 Cooley on Torts [4th ed], § 86, pp 279, 280.)"

If after further proceedings before trial, it should appear necessary to prevent prejudice, or if it should appear to be in furtherance of the convenient administration of justice, the trial court may, within its sound discretion, order separate trials as permitted in GCR 1963, 505.2, or sequential treatment of issues as provided in GCR 1963, 509.3. Otherwise, the matter may proceed to joint trial under proper instructions embodying the rule in *Meier* and predecessor cases. If deadlock should develop over apportionment of damages, it would then be incumbent upon the trial court to consider the language of *Maddux* v. *Donaldson,* 362 Mich 425 (100 ALR2d 1), beginning at page 432:

"But if, on the other hand, the triers of the facts conclude that they cannot reasonably make the division of liability between the tort-feasors, this is the

point where the road of authority divides." See the suggested answer at p 436.

Reversed and remanded for further proceedings. Costs to plaintiff.

T. M. KAVANAGH, C. J., and SOURIS, O'HARA, and ADAMS, JJ., concurred with SMITH, J.

BLACK, J. (*concurring in reversal*). GCR 1963, 206.1 permits the plaintiff to join defendants when, as pleaded here, there is asserted a right to relief in respect of or arising out of the same series of occurrences, and if a question of law or fact common to them will arise in the action. It does not decide that separate issues, if such are established when the pleadings are complete and pretrial summary has been filed, must be tried together. That question is generally a matter of judicial discretion per GCR 1963, 206.2, 207, and 505.2. It has not arisen in this case as yet and requires no present discussion.

The narrow question decided below and brought here is whether this plaintiff was possessed of permissive right to join the two defendants. GCR 1963, 206.1 answers that question affirmatively. The result is that the circuit judge erred in this case when he dismissed one of the two defendants on motion assigning, as sole ground for dismissal, "improper joinder of parties defendant."

The question is procedural. As for the substantial rights of the parties, I suggest (simply to avoid misunderstanding as the case proceeds) that we should reiterate adherence to COOLEY's text, quoted in *Meier* v. *Holt,* 347 Mich 430, 438, 439, in *Maddux* v. *Donaldson,* 362 Mich 425, 450 (100 ALR2d 1), and in Justice OTIS SMITH's opinion of instant Watts. Also, as before, we should make definitely clear the limited essence of *Maddux'* holding. It is simply

this: In the application of COOLEY's said text, no one or all of the alleged tort-feasors should be absolved as a matter of law, simply because of the complexity of the injury or injuries plaintiff has suffered. See *Maddux* at 432, 434, 436.

Note that such essence was expressly taken, by former Justice TALBOT SMITH, from *Cuddy* v. *Horn,* 46 Mich 596, 603 (41 Am Rep 178). That was a case where "simultaneous" negligent acts of the masters of the steamer "Garland" and the steam-yacht "Mamie" resulted in a marine collision and the death by drowning of plaintiff's decedent, a passenger on the "Mamie." Then examine *Albrecht* v. *St. Hedwig's Roman Catholic Benevolent Society,* 205 Mich 395, wherein the importance of the time-differential was stressed in connection with what had been found in *Cuddy* v. *Horn.*[1] The Court said, in *Albrecht* at 399:

"There was no concert of action between those who were charged jointly with the unlawful assaults. Plaintiff's counsel, however, claims that they should be jointly liable because the amount of damages done by each of the claimed assailants cannot be separated. With this contention we cannot agree. The rule is thus stated in 38 Cyc, p 484, where it is said:

" 'The fact that it is difficult to separate the injury done by each from that done by the others furnishes no reason for holding that one tort-feasor should be liable for the acts of others with whom he is not acting in concert.'

"See *Strawbridge* v. *Stern,* 112 Mich 16; *Diel* v. *Kellogg,* 163 Mich 162. It should be borne in mind

---

[1] The Court found, in *Cuddy* (pp 603, 604):

"The injury done in this case resulted from a collision caused by the contemporaneous act of two separate wrong-doers, who, though not acting in concert, yet by their simultaneous wrongful acts put in motion the agencies which together caused a single injury; and for this the injured party could receive but a single compensation. 'It is the fact that they all united in the wrongful act, or set on foot or put in motion the agency by which it was committed, that renders them jointly liable to the person injured.' "

that in the present case the tortious acts complained
of were not contemporaneous, but some time elapsed
between them, and they were in no way connected,
which was not true in the case of *Cuddy* v. *Horn*, 46
Mich 596 (41 Am Rep 178), relied upon by plaintiff's
counsel in his brief."

The time element in these cases is usually crucial
to decisions the trial judge must make when he pre-
pares to instruct the jury. It is so because, if there
is a lapse of appreciable time between the consecutive
blows, that lapse usually provides some proof or in-
ference from proof, on strength of which the trier
or triers of fact may and accordingly should assess
the plaintiff's damages in separate amounts, "how-
ever difficult it may be as a practical matter to es-
tablish the exact proportion." On the other hand,
if the time element is too short for such proof, or if
other factors combine to eliminate any such proof,
the jury should be instructed that the causally neg-
ligent actors "are to be held liable as joint tort-
feasors."

By the above I follow directly what was separate-
ly written in *Maddux* at 450, 451.[2] The experience
of four years intervening since release of *Maddux*
suggests generally that such separate writing is
the best way to approach pertinent legal questions,
one after the other as they arise in these successive
impact motor accident cases, whether such questions
arise upon motion or upon preparation of jury in-
structions.

*Maddux* has just been brought up to date by an
exhaustive annotation due to appear in 100 ALR2d
starting at page 16, "Apportionment of damages in-

---

[2] "Now we affirm that, where the trier or triers of fact find they
cannot ascertain the amount of damages each wrongdoer has inflicted,
then such trier or triers are authorized to assess the plaintiff's dam-
ages against any one or all of such wongdoers on ground that the
latter have—in law—participated in the infliction of 'a single, in-
divisible injury.'" (*Maddux* at 450, 451.)

volving successive impacts by different motor vehicles." A careful review of the galleys has brought the writer to even more firm conviction that the received delineative proof in each case will determine best what rule or rules of law the trier or triers of fact should apply to these successive impact cases, and that the availability of some or any proof (of what was after the first impact, and what was after the second and third, and so on) will likely provide more dependable legal guides, for court decision or jury instruction, than will the conclusionary allegations of pleadings or what Justice SOURIS aptly refers to as "the arcane jargon of the law." (See comment in *Hill* v. *Harbor Steel & Supply Corp.,* 374 Mich 194, 207, 208; also in *In re Wood Estate,* 374 Mich 278, 292 [5 ALR3d 1], and *Felgner* v. *Anderson,* 375 Mich 23, 30.)

*To recapitulate:*

By court rule plaintiff had a right to join both defendants. Whether his claims against the two defendants should be tried together or separately is primarily for the trial court. The question is not before us now. Should the trial judge decide in favor of one trial it would seem, looking at plaintiff's declaration and his detailed bill of particulars, that he has available to him sufficient testimony to bring the case within *Meier* v. *Holt* (majority opinion and concurring opinion) and the case cited in the majority opinion, *Rodgers* v. *Canfield,* 272 Mich 562. He can testify to the symptoms and results of the first tort as alleged by and known to him, and then testify to the symptoms and results which followed the second tort as alleged by and known to him. The two were hours apart; whereas in *Maddux* the consecutive torts were separated by seconds only and in *Cuddy* they were separated by no time at all.

I concur in reversal.

KELLY, J. (*dissenting*). The trial court did not err in entering the following order:

"It is hereby ordered that defendant Mack Wayne Smith be and he is hereby dismissed as a party defendant in the above entitled cause, without prejudice, however, to the plaintiff to proceed in a proper manner against defendant Mack Wayne Smith."

No case allowing joinder involving facts similar to the present case has been called to my attention and the efforts of the writer of this dissent to find a similar case have been in vain.

Justice SMITH, writing for reversal, cites only two recent decisions, namely: *Meier* v. *Holt* (1956), 347 Mich 430, and *Maddux* v. *Donaldson* (1961), 362 Mich 425 (100 ALR2d 1). These cases are not a precedent for the reversal of this case.

In *Meier* v. *Holt, supra,* plaintiffs' and defendant Caswell's cars collided in a head-on collision pushing plaintiffs' car crosswise of the highway where it was struck by defendant Holt's car about one-half minute later.

The majority opinion of this Court reversed the trial court's judgment against both defendants "jointly and severally" holding (p 447) that we would continue to adhere to the rule previously established[1] which held that the second tort-feasor is liable only for the injuries caused by his negligence.

*Maddux* v. *Donaldson, supra,* was labeled by this Court as a "multiple or chain vehicular collision," "a chain collision," where plaintiff "was struck again almost immediately."

Justice BLACK concurring with the majority opinion called attention to the fact that the settled rule in Michigan[2] was being abandoned and a new rule

---

[1] *Frye* v. *City of Detroit,* 256 Mich 466; *DeWitt* v. *Gerard,* 274 Mich 299.

[2] *Albrecht* v. *St. Hedwig's Roman Catholic Benevolent Society,* 205 Mich 395; *Frye* v. *City of Detroit,* 256 Mich 466; *DeWitt* v.

was being established to the effect that where a trier
of fact cannot determine the amount of damages
each defendant had inflicted upon plaintiff, then both
defendants can be held jointly and severally liable
for the entire damages sustained which are not al-
locable.

The minority opinion (3 signatures) called atten-
tion that to adopt the new rule would not only con-
stitute a departure and abandonment of the rule
consistently recognized in Michigan, but, also, the
general rule of other States, by quoting 15 Am Jur,
Damages, § 13, p 404, that:

"A defendant is liable only to the extent to which
his acts have caused the injury complained of, and
it follows that separate wrongs done by independent
agents cannot be joined together to increase the re-
sponsibility of one of the wrongdoers, notwithstand-
ing any difficulty there may be in determining what
part of the injury or loss was the result of the acts
or omissions of the defendant, and what part was the
result of other causes."

A review of the cases "involving successive im-
pacts by different motor vehicles" due to appear in
100 ALR2d 16[3] discloses two important facts: (1)
No case is cited which could be used as a precedent to
sustain a reversal of the trial court in the instant
case; and (2) It establishes that Michigan's "Maddux
rule" is contra to that existing in the other States.

Plaintiff's declaration did not claim, and, in fact,
clearly showed that the acts of each defendant were
definitely separated from the acts of the other both
by time and space; that there was no concert of
action; that there was no simultaneous wrongful acts
that put in motion the agency which together caused

_Gerard,_ 274 Mich 299; _DeWitt_ v. _Gerard,_ 281 Mich 676; _Meier_ v.
_Holt,_ 347 Mich 430.

[3] Referred to in Justice BLACK'S concurring opinion.

the single injury; in fact, that they did not in any way unite in a wrongful act.

After listing six reasons why each defendant was guilty of negligence, plaintiff concluded his declaration by the simple statement: "Both collisions caused the following injuries: * * *," and evidently bases his right to joinder on the presumption that all that is necessary is to aver in the declaration that two widely separated collisions caused what plaintiff declares to be a single injury and also to state that he would have difficulty proving which defendant caused what part of the injury unless he was allowed to join them in one action.

When GCR 1963, 206.1 was adopted we were not contemplating joining defendants who were charged with negligence in two accidents, occurring in different parts of the city, nine hours apart.

This rule followed *Maddux,* where Mr. Justice Talbot Smith, in his majority opinion, stated (p 427) : "Once again we consider the problem of damages when the car in which plaintiffs are riding is struck first by one automobile and then, almost simultaneously, by another," and at page 428, that: "This is one of the most baffling of our current legal problems, critical because of the extensive use of expressways upon which large numbers of cars travel at high speeds in close proximity to one another," and, again, at page 430, he refers to "the liability of automobile owners in what are known as 'chain collisions' on today's highways."

Justice Black's concurring opinion states (p 449) :

"With advent of modern motor transit and traffic, the courts of the States are regularly confronted with a new and progressively vexing problem, that of instructing juries properly when a provenly innocent plaintiff is shown as having been injured in the

course of multiple or chain vehicular collisions caused by 2 or more negligent motorists."

Both *Maddux* and *Meier* considered wrongdoers participating in the infliction of a single, indivisible injury with almost simultaneous impact of defendants' cars with plaintiff's vehicle.

As one who did not subscribe to the majority opinion in *Maddux,* I dissent to the present opinions that would extend the rule beyond chain collision cases to include all cases irrespective of how far the accidents are separated by time or space, and I agree with the trial court that GCR 1963, 206.1 did not contemplate permitting joinder under facts such as exist in this case.

Such joinder will not promote the convenient administration of justice. Some of the problems it will create are commented upon in the trial court's opinion denying joinder when he stated:

"The trial would in the opinion of the court be most confusing to a jury not only as to the need to keep the facts of the two collisions in mind, but also as to a double set of instructions and as to the question of which injuries, if any, were caused by the respective collisions."

And, also, in Justice CARR's dissenting opinion in *Maddux* v. *Donaldson,* where he stated (p 444):

"The application of such theory would obviously result in relieving a plaintiff bringing action against two or more successive tort-feasors of the duty of proving his case against each in order to be entitled to recover damages therefrom. Under ordinary circumstances at least a plaintiff might consider that a joint and several judgment against both or all of the defendants would be preferable to separate recoveries against them based on evidence. This might well result in forcing a defendant to assume the bur-

den of showing liability of one of his codefendants in order to avoid a judgment against himself."

Both opinions herein admit that this Court gave to the trial court the right to decide whether joinder was proper, but that this right was exercised by the court prematurely, as evidenced by Justice Smith's statement that: "If after further proceedings before trial, it should appear necessary to prevent prejudice, or if it should appear to be in furtherance of the convenient administration of justice, the trial court may, within its sound discretion, order separate trials as permitted in GCR 1963, 505.2," and the following from Justice Black's opinion that: "By court rule plaintiff had a right to join both defendants. Whether his claims against the two defendants should be tried together or separately is primarily for the trial court. The question is not before us now."

Appellant did not raise this point, nor did he contend there was anything further to present to the court prior to its ruling upon defendants' motion to dismiss.

The declaration fully advised the court as to just how plaintiff claimed the two accidents occurred and, also, the reasons why the defendants were guilty of negligence.

Plaintiff in his brief stresses the fact that the bill of particulars in unusual detail set forth plaintiff's claims of injury after each accident, including the fact that there was no medical examination between accidents.

The court was justified in concluding that if joinder was allowed there only remained a decision on the facts as to whether the evidence sustained plaintiff's claims. In fact, if this Court reverses the trial court it is difficult to understand how we are

allowing the court any discretion between now and trial.

The trial court did not err in entering the order set forth above.

The order of dismissal should be affirmed. Costs to appellees.

DETHMERS, J., concurred with KELLY, J.